UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| XIU LI BERDING,<br>    Plaintiff, | Case No. 1:22-cv-48<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| SECRETARY, DEPARTMENT OF HOMELAND,<br>SECURITY, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

On January 27, 2022, pro-se plaintiff filed this action against defendants seeking an Order from this Court under the Mandamus Act, 28 U.S.C. § 1361, compelling defendants to adjudicate plaintiff's I-485 application. (Doc. 1). On May 5, 2022, defendants filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, in the alternative, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 7).

The Clerk of Court notified plaintiff on May 10, 2022, that failure to respond to defendants' motion within 21 days from the date of service set forth in the certificate of service attached to the motion may warrant dismissal of this case under Rule 41(b) for failure to prosecute. (Doc. 8). On August 25, 2022, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of its Order, why the Court should not dismiss this case for lack of prosecution. (Doc. 9). To date, more than 15 days later, plaintiff has not filed a response to the Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Order to Show Cause (Doc. 9) warrants exercise of the

Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for lack of prosecution.  See *Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

### IT IS THEREFORE RECOMMENDED THAT:

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 10/6/2022

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

XIU LI BERDING,
    Plaintiff,

vs.

SECRETARY, DEPARTMENT OF HOMELAND,
SECURITY, et al.,
    Defendants.

Case No. 1:22-cv-48
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).